**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GARY R. GOFF, | DOCKET NUMBER |
| Appellant, | SF-0843-14-0790-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: May 6, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gary R. Goff</u>, Wasilla, Alaska, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reconsideration denying his post-retirement request to elect a survivor annuity for his current spouse. Generally, we grant petitions such as this one only when:  the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The record reflects that the appellant retired on a Federal Employees' Retirement System (FERS) disability retirement on December 27, 2002. Initial Appeal File (IAF), Tab 4 at 38-40. When he retired, the appellant elected a reduced annuity with maximum survivor annuity for his then-current spouse. *Id*. On February 27, 2003, his first wife died, and the appellant notified OPM of her death on April 10, 2003. *Id*. at 6, 42. Prior to the appellant receiving the final calculation from OPM of his monthly annuity, OPM eliminated the reduction in his annuity for a survivor spouse. *Id*. at 6.

¶3      The appellant married his current spouse on June 19, 2010. *Id*. at 6, 17, 20, 23-24; Hearing Compact Disc. He telephoned OPM on August 9, 2012, seeking information on how to elect a survivor annuity for his current spouse. According to the appellant, he was advised that he had 2 years following a post-retirement marriage to elect a survivor annuity for his current spouse and that he could no longer make such an election because the 2 years had already passed. In a letter dated August 30, 2012, the appellant challenged the information he received during the telephone call, and he asserted, inter alia, that he never received any

notice, written or oral, notifying him of the 2-year election deadline. IAF, Tab 4 at 23-25. OPM's initial and reconsideration decisions denied the appellant's request, finding that his written request was submitted after the statutory 2-year period following his remarriage had expired and, thus, it was untimely. IAF, Tab 4 at 6-9.

¶4    The appellant filed this appeal challenging OPM's reconsideration decision. IAF, Tab 1. After holding the requested hearing, the administrative judge found that the appellant failed to prove that he timely elected a survivor annuity within the 2-year period following his post-retirement marriage to his current spouse. IAF, Tab 13; Initial Decision (ID) at 4-5. The administrative judge found further that the appellant failed to establish grounds for waiver of the 2-year deadline to elect a FERS survivor annuity for his current spouse. ID at 6-11. Thus, the administrative judge affirmed OPM's reconsideration decision. ID at 11.

¶5    On review, the appellant does not challenge the administrative judge's finding that his request to elect a survivor annuity for his current spouse was untimely, but instead he argues that the 2-year filing deadline should be waived because the notices of annuity adjustments that he received from OPM failed to include any information about the 2-year deadline for requesting a new survivor annuity. Petition for Review File, Tab 1. To support this argument, the appellant has attached copies of his 2003 and 2006 annuity adjustment notices. *Id*.

¶6    We have considered the appellant's arguments on review; however, we find no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service,* 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). In this case, the administrative judge thoroughly addressed the record evidence and relevant statutes, as well as the appellant's claims, and found that the appellant's written

request to elect a survivor annuity for his post-retirement wife was untimely and that there is no basis upon which to grant a waiver of the statutory 2-year deadline. ID at 2-11.

¶7 Moreover, it is undisputed that OPM received the appellant's written request to elect a survivor annuity after the statutory deadline had passed, and the applicable law and the record evidence support the administrative judge's findings that the appellant failed to establish grounds for a waiver of the deadline. ID at 6-11. Therefore, we discern no reason to disturb these explained findings. *See Crosby*, 74 M.S.P.R. at 106; *Broughton*, 33 M.S.P.R. at 359. Accordingly, we find that the appellant has provided no basis upon which to disturb the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:            _____

                                     William D. Spencer
                                     Clerk of the Board

Washington, D.C.